```
                                        FILED
                                  U.S. DISTRICT COURT
                                  DISTRICT OF WYOMING

                                      JUN - 3 2008

                                  Stephan Harris, Clerk
                                        Cheyenne
```

# United States District Court
## For The District of Wyoming

| | |
|---|---|
| KIMBERLY COOK and JENNIFER LINT, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | Civil No. 07–CV–192–B |
| ) | |
| FOUNDATION COAL WEST, INC., ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ORDER GRANTING PLAINTIFF KIM COOK'S EMERGENCY MOTION FOR A PROTECTIVE ORDER AND TO QUASH AS WELL AS FOR AN ORDER DIRECTING WYODAK RESOURCES DEVELOPMENT CORPORATION TO NOT RESPOND TO THE SUBPOENA AT ISSUE IN THE INSTANT MOTION UNLESS AND UNTIL DIRECTED TO BY THIS COURT**

The above-entitled matter, having come before the Court on plaintiff Kim Cook's Emergency Motion for a Protective Order and to Quash as Well as for an Order Directing Wyodak Resources Development Corporation to not Respond to the Subpoena at Issue in the Instant Motion Unless and Until Directed to By This Court, and the Court having carefully considered the motion, and being fully advised in the premises, FINDS:

1. This case originally comes before the Court on plaintiffs' claims for gender discrimination, retaliation, and intentional infliction of emotional distress stemming from sexual harassment they assert they endured while working for defendant from September 2002 through

1

2007. Specifically, plaintiffs allege that their co-worker Joseph Wonderchuck created a sexual hostile working environment by making jokes, using vulgar language, and inappropriately touching plaintiffs; plaintiffs state that other co-workers witnessed Wonderchuck's actions and sometimes engaged in similar behavior. Plaintiffs state that Cook reported Wonderchuck's behavior to defendant and that defendant investigated Cook's report but also attempted to find evidence that plaintiffs and other female employees engaged in sexually inappropriate behavior. Plaintiffs assert that defendant ultimately concluded that Wonderchuck created a sexually hostile environment but took few steps to remedy the situation; in addition, plaintiffs state that defendant's management told plaintiffs that they were at least partly responsible for the sexually charged atmosphere and embarrassed plaintiffs in front of other employees. Plaintiffs state that defendant never instituted any sexual harassment training and assert that their co-workers continued to create a hostile environment, stopped speaking to plaintiffs, and blocked plaintiffs' radio calls from being heard. Plaintiffs state that at least one of their co-workers wrote graffiti about Cook in a company table, keyed Cook's car, and mooned Lint. Lint states that as a result of this conduct, Cook took short term disability leave in May 2006 and also switched jobs within the company; plaintiffs state that Lint remains employed by defendant to this day.

Plaintiffs contend defendant violated their civil rights by engaging in illegal discrimination against them on the basis of gender, that defendant retaliated against plaintiffs when plaintiffs complained about such discrimination, and that defendant intentionally inflicted emotional distress

upon plaintiffs. Plaintiffs seek a declaratory judgment that defendant's violated plaintiffs' rights, compensatory damages, back pay, punitive damages, and attorney's fees and costs.

2.      In the instant motion, plaintiffs seek an order quashing a subpoena defendant served on plaintiff Kimberly Cook's current employer, Wyodak, as well as an order directing Wyodak not to respond to the subpoena until ordered to do so by the Court. Plaintiffs argue that the information defendant seeks in the subpoena is not relevant to plaintiffs' claims and will not lead to the discovery of admissible evidence. Plaintiffs assert that defendant is impermissibly using the subpoena to obtain impermissible extrinsic impeachment evidence regarding Cook's truthfulness and whether she made any statements about defendant when applying for her current job with Wyodak. Plaintiffs further allege that the subpoena is harassing and embarrassing and note that defendant made no effort to obtain the information directly from Cook. Last, plaintiffs object to defendant serving the subpoena upon Wyodak with only one day's notice.

3.      Defendant opposes plaintiffs' motion and requests that said motion be denied. Defendant states that it seeks information Cook may have provided to Wyodak concerning her employment with defendant and contends that this information is relevant to show whether Cook subjectively perceived defendant to have harassed her. Defendant states that such information is also relevant given Cook's contention that she endured harassment due to financial hardship. Defendant states that it gave seventeen days' notice for production of the documents to Cook's counsel and states that because the documents it seeks belongs to Wyodak, the subpoena was the most reasonable means of obtaining them.

4.  Federal Rule of Civil Procedure 45 states that a court may issue an order to quash in order "[t]o protect a person subject to or affected by a subpoena." FED. R. CIV. P. 45(c)(3)(B). Although the general rule is that a motion to quash "'may only be made by the party to whom the subpoena is directed,'" a court may entertain a motion made by a party having "'a personal right or privilege with respect to the subject matter requested in the subpoena.'" *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 590 (D. Kan. 2003) (quoting *Hertenstein v. Kimberly Home Health Care, Inc.*, 189 F.R.D. 620, 635 (D. Kan. 1999)). Courts have found such privacy interests to exist in a variety of situations. *See, e.g., Transcor* 212 F.R.D. at 591 (holding that defendant company had a personal right in its bank account records); *Doe v. 2TheMart.com Inc.*, 140 F. Supp. 2d 1088, 1095-1097 (W.D. Wash. 2001) (holding that an Internet user had a First Amendment right to anonymity and therefore had standing to bring a motion to quash a subpoena seeking identification of a user). Applying this rule, the Court finds Cook has a sufficient personal right in the documents defendant seeks to establish standing to move to quash the subpoena.

5.  Federal Rule of Civil Procedure 26 permits parties to obtain through discovery "any non-privileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1). Subpoenas duces tecum served to third parties constitute discovery within the meaning of this rule. *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995). The Court finds that the documents defendant seeks–documents which may contain information Cook might have provided to Wyodak regarding her employment with defendant–fall outside the bounds of relevant discovery. Plaintiffs' claims relate to events that transpired during her employment with defendant, and any statements

Cook made after leaving that job have no bearing on whether she experienced harassment or was retaliated against. Furthermore, Cook raises the legitimate concern that defendant's subpoena seeks potentially embarrassing information that could cause her difficulties in her new job. When parties raise such issues, courts have required that the party issuing the subpoena overcome the concern by presenting "independent evidence that provides a reasonable basis" to suspect the information sought exists. *Graham v. Casey's General Stores*, 206 F.R.D. 251, 256 (S.D. Ind. 2002). Defendant here has provided no evidence to form a reasonable basis; instead, it relies solely upon conjecture and guesswork by claiming that Cook "may" have provided information to Wyodak. (Def.'s Response to Mot. for Prot. Order and to Quash at 4.)

In addition, defendant admits that it has not sought to obtain the desired evidence from Cook herself, suggesting that Cook cannot be trusted to produce accurately the requested information. However, given "the direct negative effect that disclosures of disputes with past employers can have on present employment, subpoenas in this context, if warranted at all, should be used only as a last resort." *Conrad v. Bank of New York*, 1998 U.S. Dist. LEXIS 11634 at * 5 (S.D.N.Y. July 30, 1998). Defendant has not demonstrated sufficiently that this presumption disfavoring subpoenas of current employers should be overcome. Therefore, plaintiff's motion is granted and Wyodak should not respond to defendant's subpoena.

NOW, THEREFORE, IT IS ORDERED that plaintiff Kim Cook's Emergency Motion for a Protective Order and to Quash as Well as for an Order Directing Wyodak Resources Development Corporation to not Respond to the Subpoena at Issue in the Instant Motion Unless and Until Directed to By This Court is GRANTED.

Dated this 3rd day of June, 2008.

William C. Beaman
United States Magistrate Judge